# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

ISAIAH JOHNSON                                                                        PLAINTIFF

v.                                                 CIVIL ACTION NO. 4:19-CV-P29-JHM

AMY BRADY et al.                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Isaiah Johnson filed a *pro se*, *in forma pauperis* complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed in part and allowed to continue in part.

## I. SUMMARY OF CLAIMS

Plaintiff is an inmate at the Henderson County Detention Center (HCDC). He names as Defendants HCDC Jailer Amy Brady and the unnamed Director of Local Facilities at the Kentucky Department of Corrections (KDOC) in their official capacities. He also names as Defendants in their official and individual capacities HCDC Deputies Edmonds and Hirsch. He alleges that he is disabled within the meaning of the Americans with Disabilities Act (ADA) with depression, ADHD, "bipolar," and other mental illnesses. He alleges that, as a result, he is being discriminated against. He further alleges that HCDC refuses to provide inmates information as to their rights under the ADA. Plaintiff alleges that HCDC does not comply with a single regulation set out by the ADA and the Rehabilitation Act (RA), including failing to have a specially appointed ADA coordinator or grievance system and failing to provide handicapped-accessible cells, sinks, toilets, mirrors, and showers. He states that, because he is a state prisoner

housed at HCDC, it is the responsibility of Defendant KDOC Director of Local Facilities to see to it that HCDC is compliant with the ADA and RA.

Plaintiff states that he is suing Defendant Brady in her official capacity for failure to comply with the ADA and Section 504 of the RA. Plaintiff states that he sues Defendant KDOC Director of Local Facilities "in his official capacity for failure to ensure that his local facility, HCDC, complies with the (ADA) and (RA) thereby letting HCDC discriminate and retaliate against me . . . [a]nd thereby allowing HCDC to violate my 1st, 8th, and 14th amendment rights as established under the constitution."

Plaintiff further alleges that he has been retaliated against due to his disability by being sprayed with mace twice within a two-minute span for no reason, first by Defendant Edmonds and then by Defendant Hirsch. Plaintiff elaborates as follows:

> Per HCDC policy Deputy are supposed to ask – advise – and then warn an inmate before spraying them if they are doing something in a threatening manner. I was in Cell 416 isolation arguing with deputies about not getting a razor when without warning they opened the door and sprayed me in the face and shut the door when I became angry and started cursing them they popped the door and sprayed me again without warning. Being very outspoken about my rights as a disable inmate has led to this kind of treatment.

Plaintiff states that he is suing Defendants Edmonds and Hirsch in their official and individual capacities for retaliation under the ADA, assault, and violations of his First, Eighth, and Fourteenth Amendment rights.

As relief, Plaintiff requests monetary relief and injunctive relief in the form of ordering HCDC to comply with the ADA.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the

2

Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Claims brought on behalf of other inmates

To the extent that Plaintiff may be attempting to bring claims on behalf of other inmates by alleging that no inmates at HCDC are provided with a copy of their rights under the ADA, Plaintiff may not bring such a claim because, as a *pro se* litigant, he may not put forth claims on behalf of other individuals. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (explaining that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted). Consequently, to the extent that Plaintiff is attempting to represent other inmates, those claims will be dismissed.

3

*B. ADA and RA claims*

Plaintiff alleges that HCDC does not provide information regarding inmates' ADA rights; that HCDC does not comply with the ADA and RA in terms of providing an ADA coordinator, grievance system, or handicapped facilities; and that he has been been discriminated against in violation of the ADA by Defendants Brady and the unnamed KDOC Director of Local Facilities. Plaintiff appropriately sues these Defendants in their official capacities only. *See Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("[N]either the ADA nor the RA impose[s] liability upon individuals."). On initial review, the Court will allow these official-capacity claims to continue against Defendants Brady and unnamed KDOC Director of Local Facilities.

Plaintiff further alleges that Defendants Edmonds and Hirsch retaliated for being outspoken about his rights as a disabled inmate against him by tasing him. "To allege a prima facie case for retaliation under the ADA, [Plaintiff] must establish that: (1) he engaged in activity protected under the ADA; (2) that [Defendant] knew of this protected activity; (3) [Defendant] then took adverse action against [Plaintiff]; and (4) there was a causal connection between the protected activity and the adverse action." *Larson v. Mich. Dep't of Corr.*, No. CV 18-10857, 2019 WL 1388955, at *3 (E.D. Mich. Feb. 4, 2019), *report and recommendation adopted*, No. 18-10857, 2019 WL 1379930 (E.D. Mich. Mar. 27, 2019). On initial review, the Court will allow the ADA retaliation claim to go forward against Defendants Edmonds and Hirsch in their official capacities only.

*C. Official-capacity constitutional claims against Defendants Edmonds and Hirsch*

Section § 1983 of Title 42 of the U.S. Code provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036

(1989). In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988).

Plaintiff's claims against Defendants Edmonds and Hirsch relate to their spraying him with mace. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against the employees of HCDC, Defendants Edmonds and Hirsch, in their official capacities are actually brought against the Henderson County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a 42 U.S.C. § 1983 claim is made for alleged constitutional violations against a municipality, like Henderson County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis*

*v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff does not allege the existence of a Henderson County policy or custom that was the moving force behind the alleged unconstitutional spraying of mace by Defendants Edmonds and Hirsch. Consequently, Plaintiff has failed to state a § 1983 claim against Defendants Edmonds and Hirsch in their official capacities.

*D. Individual-capacity constitutional claims against Defendant Edmonds and Hirsch*

*1. First Amendment retaliation*

Plaintiff alleges that Defendants Edmonds and Hirsch retaliated against him after he made verbal complaints regarding his rights as a disabled inmate.

In order to state a First Amendment claim of retaliation, Plaintiff must allege that he engaged in protected conduct, an adverse action was taken against him, and there was a causal connection between the two events. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Assuming for purposes of this initial review that Plaintiff has alleged that he was engaged in protected conduct by voicing his complaints, *see Davis v. Straub*, No. 1:07-CV-156, 2009 WL 4908433, at *1 (W.D. Mich. Dec. 11, 2009) ("[P]risoners 'retain, in a general sense, a right to criticize prison officials.'") (quoting *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 864 (5th Cir. 2004)), the Court will allow Plaintiff's First Amendment retaliation claim to continue against Defendants Edmonds and Hirsch in their individual capacities.

### *2. Eighth Amendment*

Plaintiff also alleges that Defendants Edmonds and Hirsch used excessive force against him by spraying him with mace twice within a short span of time with no warning. The Court will allow this Eighth Amendment claim to go forward against Defendants Edmonds and Hirsch in their individual capacities.

### *3. Fourteenth Amendment*

Plaintiff has not stated a § 1983 claim under the Fourteenth Amendment because, as a convicted inmate, his excessive-force claims are covered by the Eighth Amendment and not the Fourteenth Amendment. Where claims are derived solely from allegations about excessive force, here being sprayed with mace, Plaintiff's claim is bounded by the Eighth Amendment, the specific constitutional standard governing the rights in the prison context for a convicted prisoner. *Graham v. Connor*, 490 U.S. 386, 394 (1989). "[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of

substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997). Thus, the Court will dismiss Plaintiff's § 1983 Fourteenth Amendment claim.

*E. State-law assault*

The Court will exercise supplemental jurisdiction and allow Plaintiff's state-law assault claim to continue against Defendants Edmonds and Hirsch.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims on behalf of other inmates, his § 1983 official-capacity claims against Defendants Edmonds and Hirsch, and his Fourteenth Amendment claim are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for which relief may be granted.

The Court will allow to continue Plaintiff's claims under the ADA and RA against Defendants Brady and KDOC Director of Local Facilities in their official capacities; Plaintiff's ADA retaliation claim against Defendants Edmonds and Hirsch in their official capacities; Plaintiff's First Amendment claim for retaliation and Eighth Amendment excessive-force claim to continue against Defendants Edmonds and Hirsch in their individual capacities; and Plaintiff's state-law assault claim against Defendants Edmonds and Hirsch. In so doing, the Court expresses no opinion on the ultimate merit of these claims.

The Court will enter a separate Order Regarding Service and Scheduling Order to govern the development of the remaining claims.

Date: June 24, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Henderson County Attorney
     General Counsel, Justice & Public Safety Cabinet
4414.009