# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

ISAIAH JOHNSON                                                            PLAINTIFF

v.                                        CIVIL ACTION NO. 4:19-CV-P29-JHM

AMY BRADY et al.                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court are the motions to dismiss filed by Defendants (DNs 18 and 19) and a motion for appointment of legal counsel filed by *pro se* Plaintiff (DN 21).

On initial review of this action pursuant to 28 U.S.C. § 1915A, the Court allowed to continue Plaintiff's claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) against Defendants Amy Brady and the Kentucky Department of Corrections (KDOC) Director of Local Facilities in their official capacities; Plaintiff's ADA retaliation claims against Defendants Edmonds and Hirsch in their official capacities; Plaintiff's First Amendment claim for retaliation and Eighth Amendment excessive-force claim to continue against Defendants Edmonds and Hirsch in their individual capacities; and Plaintiff's state-law assault claim against Defendants Edmonds and Hirsch.

Defendants Brady, Edmonds, and Hirsch filed an answer to the complaint on July 12, 2019. On September 18, 2019, Defendant KDOC filed a motion to dismiss for failure to state a claim based on Federal Rule of Civil Procedure 12(b)(6) (DN 18). On September 30, 2019, Defendants Brady, Edmonds, and Hirsch filed a motion to dismiss (DN 19) based on the reasoning of the motion filed by KDOC.

Plaintiff has not responded to the motions but did file a motion for legal counsel (DN 21). Plaintiff states in that motion that he would like to fight against dismissal of his case but says that he cannot because he is "locked up with no appointed lawyer."

***Motions to dismiss***

Courts apply the same standard when addressing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) as they do on initial review under § 1915A. *Moniz v. Cox*, 512 F. App'x 495, 497 (6th Cir. 2013); *Wilder v. Collins*, No. 2:12-cv-0064, 2012 WL 1606035, at *5 (S.D. Ohio May 8, 2012) ("When a complaint is screened under § 1915A, it is subjected to the same scrutiny as if a motion to dismiss for failure to state a claim had been filed under Fed. R. Civ. P. 12(b)(6)."). As another district court stated, "[A] motion to dismiss under Rule 12(b)(6) is almost never an appropriate response when the court has already screened a prisoner complaint pursuant to 28 U.S.C. § 1915A(b) and directed the defendant to respond." *Moreno v. Beddome*, No. CV 11-2333-PHX-DGC, 2012 WL 3150205, at *2 (D. Ariz. Aug. 2, 2012). Thus, after the Court has screened a prisoner complaint pursuant to § 1915A(b), a Rule 12(b)(6) motion to dismiss will be granted only if the defendant can convince the Court that reconsideration is appropriate. *Id*. Here, because the Court already has screened the complaint under § 1915A, Defendants are, in effect, asking this Court to reconsider its decision to allow the claims to continue.

The Federal Rules of Civil Procedure do not contemplate a motion to reconsider. Courts evaluate motions to reconsider under the same standard as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *Thorpe v. Breathitt Cty. Bd. of Educ.*, 8 F. Supp. 3d 932, 948 (E.D. Ky. 2014). The standards for reconsideration are necessarily high. The only grounds for a district court to grant a motion to reconsider are: "(1) a clear error of law; (2) newly discovered

evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

Defendant KDOC's motion to dismiss argues that Plaintiff fails to allege that he has been excluded from participation in or denied the benefits of services, programs, or activities. Defendant KDOC also argues that Plaintiff does not allege physical disabilities and, therefore, his claim under the ADA and RA regarding failure to provide handicapped-accessible bathrooms does not state a claim. Defendant KDOC further argues that Plaintiff fails to allege that he suffered any actual, concrete injury resulting from lack of ADA notices and that he cannot allege a private cause of action for failure to comply with ADA notice or grievance requirements. Finally, Defendant KDOC argues that because Plaintiff is no longer housed at the Henderson County Detention Center (HCDC) his claims for injunctive relief against officials at HCDC are now moot. Defendant KDOC asks that Plaintiff's claims against it be dismissed.

Defendants Brady, Edmonds, and Hirsch ask that the ADA and RA claims against them be dismissed and that Plaintiff's request for injunctive relief against them be dismissed for the same reasons as stated in Defendant KDOC's motion to dismiss.

Here, Defendants' motions to dismiss do not convince this Court that reconsideration of its initial review is appropriate, especially in light of the Supreme Court's admonishment that allegations in *pro se* pleadings are to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Therefore, for the foregoing reasons and being otherwise sufficiently advised,

**IT IS ORDERED** that Defendants' motions to dismiss (DNs 18 and 19) are **DENIED**.

However, the Court notes that, as Defendants point out, Plaintiff is now housed at the Daviess County Detention Center and is no longer housed at HCDC. Since the only injunctive

relief Plaintiff asked for was for an order for HCDC to comply with the ADA, the Court finds that his request for injunctive relief is now moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding inmate's request for injunctive relief moot as he was no longer confined to the institution where the alleged wrongdoing occurred). Accordingly,

**IT IS ORDERED** that Plaintiff's request for injunctive relief is **DISMISSED as moot**.

*Motion for appointment of counsel*

Plaintiff states in his motion that he should be appointed counsel because he is "locked up with no appointed lawyer." Defendants Brady, Edmonds, and Hirsch filed a response (DN 22) opposing appointment of counsel for Plaintiff.

In a civil case in federal court, like this one, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Title 28, United States Code, section 1915(e)(1) indicates that court-enlisted assistance of counsel is not mandatory, but merely a matter of discretion. *See Martin v. Harvey*, 14 F. App'x 307, 310 (6th Cir. 2001). Furthermore, appointment of counsel is justified only in exceptional circumstances. *Lavado*, 992 F.2d at 606. The relevant factors that must be looked at in determining if exceptional circumstances exist are the complexity of the issues involved and the ability of the plaintiff to represent himself. *Id*.

The Court finds that the complexity of the legal issues in this case does not necessitate the appointment of counsel. The factual and legal issues involved here are relatively simple and do not amount to "exceptional circumstances" that would weigh in favor of appointing counsel. Plaintiff, although a prisoner, has not set forth any exceptional circumstances warranting appointment of counsel at this time. *Johnson v. Genesee Cty.*, No. 12-CV-10976, 2015 WL

6671521, at *2 (E.D. Mich. Nov. 2, 2015) ("Simply being incarcerated . . . does not establish . . . exceptional circumstances to justify appointment of counsel."). Accordingly,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel (DN 21) is **DENIED**.

Date: November 25, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record
4414.009